FILED
APR - 6 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY HIRSCH, ) | |
| ) | |
| Petitioner, ) | Case: 1:15-cv-00488 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 4/6/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| SCOTT S. HARRIS, Clerk of the Supreme ) | |
| Court of the United States, and the United ) | |
| States, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Gary Hirsch complains that respondent Clerk of the Supreme Court of the United States has improperly "refused to acknowledge or transmit my Application to an individual Justice." Pet. at 4. The petitioner contends that the respondent's actions violated his First Amendment right of access to the courts and his Fifth Amendment right to due process. *Id.* at 3-4. He seeks a writ of mandamus compelling the respondent to "transmit [the Rule 22 Application] promptly to the Justice concerned," and to "show positive proof" of the transmission. *Id.* at 6.

The petitioner previously brought a similar action, seeking to compel the respondent to docket his petition for writ of certiorari. *See* Pet. at 1 ("Notice of Previous Case filed in this Court"). That action was dismissed on the ground that this court lacks authority to direct the actions of the Supreme Court or its administrative officers. *See* Memorandum Opinion and

Order, *Hirsch v. Harris*, No. 14-1230 (D.D.C. July 21, 2014). The petitioner concedes that he "did not appeal that Order," because the Supreme Court "docketed [his] paperwork on July 24, making the point moot," Pet. at 1; in fact, the dockets of the Supreme Court and the Ninth Circuit confirm that his petition for writ of certiorari was docketed and denied and that his petition for rehearing was also docketed and denied. *See Northwest Farm Credit Services v. Gary Hirsch*, No. 13-36168 (9th Cir. dismissed Feb. 21, 2014), *cert. denied*, 135 S.Ct. 239 (U.S. Oct. 16, 2014), *reh'g denied*, 135 S.Ct. 748 (U.S. Dec. 1, 2014) (No. 14-5376); *see also* Pet. at 3, Ex. B, Ex. E.

The petitioner seems to allege that he cannot determine whether his petition for a writ of certiorari was denied or whether he was simply denied leave to file *in forma pauperis*. He thus filed an application pursuant to Supreme Court Rule 22 seeking additional information relating to the resolution of his petition. Pet. at 3, Ex. F. He now asks this Court to issue a writ of mandamus compelling the Clerk of the Supreme Court to transmit his Rule 22 application to the appropriate Justice. Pet. at 6.

This Court lacks jurisdiction to grant the requested relief. "[I]t is the right and duty of the [Supreme] Court . . . to correct the irregularities of its officer and compel him to perform his duty." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992), *cert denied*, 506 U.S. 844 (1992) (internal quotation marks omitted). "[T]his supervisory authority is exclusive to the Supreme Court and . . . neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by Mandamus or otherwise." *Id.* Petitioner argues that dicta in *Panko v. Rodak*, 606 F.2d 168 (7th Cir. 1979), "le[ft] open the possibility" that in certain circumstances, mandamus relief against officers of a higher court might be available. *Id.* at 171 n.6. However, this Court is

3

bound by the Court of Appeals' holding that this Court lacks jurisdiction. *Marin*, 956 F.2d at 340.

The Court will grant the petitioner's application to proceed *in forma pauperis*, and will dismiss the petition. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Randolph D. Moss
United States District Judge

DATE: April 3, 2015